## JOSHUA HAINES v. THE STATE.

PRACTICE IN THE COURT OF APPEALS — BILL OF EXCEPTIONS. — A bill of exceptions was reserved to the admission of evidence, but instead of the evidence being embodied in it, reference therefor was made to the "state-

ment of facts." The entry purporting to be the statement of facts bears no approval of the trial judge. *Held*, that the ruling on the evidence cannot be revised, inasmuch as the evidence is not authentically presented by the record.

APPEAL from the District Court of Panola. Tried below before the Hon. A. J. BOOTY.

As indicated by this court in its opinion, this was a case of infanticide upon the new-born child of a negro girl. The revolting details, as they appear in the unauthenticated statement of facts, are not material to the ruling made. The conviction was for murder in the second degree, and a term of four years in the penitentiary was the punishment assessed.

*Hazlewood & Hull*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WINKLER, J. The indictment upon which the appellant was tried and convicted charges him and another with the murder of one negro child (the name and sex and a better description of said negro child being to the grand jurors unknown), alleged to have been committed in Panola County, on August 10, 1867. It was developed on the trial that the defendant and the other person charged with the murder in the indictment were the grandfather and grandmother of the child alleged to have been murdered, and that the mother of the child was the daughter of the defendant and his wife. There is but one bill of exceptions in the record. This relates to the admission of evidence over objection by the defendant, but we are unable to determine whether there was error or not in the ruling, for the reason that the bill of exceptions does not state the evidence to which the objection applies, in any other way than by a reference to some other portion of the record, — as, for instance, to the statement of facts, — and here we are met with the difficulty

that there is no such statement of facts in the record as we can, under established rules of practice, consider. As presented in the transcript before us, the paper purporting to be a statement of facts is without the approval of the judge who presided at the trial. This is indispensable, agreeably to the whole current of decisions in Texas.

Considering, then, such matters as are properly presented for revision, and finding a proper indictment and charge of the court, and finding no error in the proceedings so presented as that they can be inquired into, the judgment is affirmed.

*Affirmed.*